Prob 12C
(Rev. 1/06 D/HI)

**SEALED BY ORDER OF THE COURT**

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 30 2007

at 11 o'clock and 10 min. ___ M.
SUE BEITIA, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

U.S.A. vs. LEO C. VENTURA                              Docket No. CR 02-00239DAE-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW KEVIN S. TERUYA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of LEO C. VENTURA who was sentenced to supervised release by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 12th day of May 2003, who fixed the period of supervised release at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed the special conditions and term as follows:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant must participate in a mental health program which may include anger management counseling at the discretion and direction of the Probation Office.

4. That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises my be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. That on or about 7/17/2007, the offender engaged in conduct constituting Prohibited Ownership/Possession of a Firearm, in violation of Hawaii Revised Statutes § 134-7, the General Condition, and Special Condition No.1.

Prob 12C
(Rev. 1/06 D/HI)

2

2. That on or about 7/17/2007, the offender engaged in conduct constituting Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes § 707-716 and the General Condition.

3. That on or about 7/17/2007, the offender engaged in conduct constituting Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes § 707-716 and the General Condition.

4. That on or about 7/17/2007, the offender engaged in conduct constituting Place to Keep a Firearm, in violation of Hawaii Revised Statutes § 134-23 and the General Condition.

5. That on or about 7/23/2007, the offender failed to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer, in violation of Standard Condition No. 11.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/27/2007

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 30th day of July, 2007, and ordered filed and made a part of the records in the above case.

_____
_for_ DAVID ALAN EZRA
U.S. District Judge

Re:   **VENTURA, Leo C.**
      **Criminal No. CR 02-00239DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The offender pled guilty to Felon in Possession of a Firearm, a Class C felony. On 5/12/2003, he was sentenced to forty-one (41) months imprisonment to be followed by three (3) years of supervised release. The terms and conditions of supervised release include those listed on the facesheet of this petition. Supervised release began on 9/23/2005.

The offender is 65 years old and has been on supervised release for approximately 21 months. Since his release, the offender has resided at the residence of his girlfriend, Rosita Avenue, in Pahala, Hawaii. The defendant works full-time as a coffee farmer on land leased by his girlfriend. With respect to the offender's participation in mental health treatment, the offender completed the Lokahi Treatment Center (Lokahi) for Anger Management on 4/4/2006. The offender completed the recommended ten sessions of anger management. Lokahi records indicate that the offender participated in sessions and appeared to have gained insight into his anger issues in the past.

With respect to the offender's prior criminal history, the Presentence Report indicates that the offender was convicted and sentenced in the State of Hawaii Fifth Circuit Court to two separate counts of License to Carry on 3/10/1994.

The violations are as follows:

**Violation No. 1 - Conduct Constituting Prohibited Ownership/Possession of a Firearm; Violation No. 2 - Conduct Constituting Terroristic Threatening; Violation No. 3 - Conduct Constituting Terroristic Threatening; and Violation No. 4 - Conduct Constituting Place to Keep a Firearm:** On 7/18/2007, the U.S. Probation Office received information that the offender had been arrested by the Hawaii County Police Department (HCPD). HCPD Arrest Report No. C07022926 indicates that on 7/17/2007, the offender entered his girlfriend's home at 96-1160 Kamani Street, Pahala, Hawaii, carrying a rifle (**Violation No. 1**). Dominic Avenue, the son of the offender's girlfriend, and Dominic's daughter were watching television at the Kamani Street residence. The offender made a statement to Dominic's daughter and proceeded to a back room of the home where he left the rifle. Dominic subsequently asked that the offender move his ATV which was parked behind Dominic's truck. The offender and Dominic exchanged words about the request. Taking issue with what was said to his daughter and the ATV issue, Dominic confronted the offender in the home's kitchen. The offender became upset and rifled through the room's drawers and retrieved two kitchen knives, placing one in each hand. The offender pointed the knives at Dominic and walked towards him, stopping 3 feet away. The offender stated, "What, you like

Re: **VENTURA, Leo C.**
**Criminal No. CR 02-00239DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

go?" (**Violation No. 2**). Dominic picked up a chair to defend himself and stepped away. HCPD reports indicate that the offender "backed down," placed the knives on the stove, and walked to the back room where the rifle was located. The offender was observed picking up the rifle and pointing the rifle at Dominic from a distance of 20 feet (**Violation No. 3**). The offender then left the residence with the rifle through a back door and proceeded towards the rear of the house. The offender left the scene on an ATV. A subsequent search of the area conducted by HCPD resulted in the recovery of an Interarms Mark X HI-Power bolt action rifle, caliber 30-06, from an area to the rear of the property near the "pig-pen" and behind a sheet of plywood (**Violation No. 4**). The rifle was loaded with two live rounds of 30-06 caliber, full-metal jacket ammunition. The offender was subsequently arrested by HCPD at the Kamani Street address on 7/18/2007.

HCPD Arrest Report No. C07022926 includes statements from several witnesses. Rosita Avenue, the offender's girlfriend, observed the offender and Dominic engaged in a verbal argument. Rosita attempted to diffuse the argument but was unsuccessful. Rosita observed the offender retrieve two knives from a kitchen drawer and point the knives at Dominic and challenge him to a fight. When questioned by the police, Rosita indicated that she did not see the offender point the rifle. In response to further questioning, Rosita indicated that she was aware the offender kept a firearm at this residence, although she was unaware of the specific location of the firearm. Rosita consented to a search of her residence, during which the police officers recovered the rifle in the backyard.

According to HCPD Arrest Report No. C07022926, a neighbor reported hearing an argument at Rosita's residence. The neighbor heard someone calling for help and walked to Rosita's residence. Through a picture window, the neighbor observed the offender standing in the kitchen holding a knife in each hand while verbally challenging Dominic to a fight.

The offender made a statement subsequent to his arrest. According to investigators, the offender admitted to the possession of the rifle. The offender further stated that he knew he was on federal probation and was prohibited from possessing the rifle.

State of Hawaii Third Circuit Court, Kona District, records indicate that the offender bailed out of custody on 7/20/2007. The offender is currently charged with two counts of Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes § 707-716(1)(D), a single count of Ownership/Possession of a Firearm Prohibited, in violation of Hawaii Revised Statutes § 134-7, and a single count of Place

Re:  VENTURA, Leo C.
     Criminal No. CR 02-00239DAE-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 3

to Keep a Loaded Firearm, in violation of Hawaii Revised Statutes § 134-23. A preliminary hearing has been set on 8/8/2007 at 1:00 p.m. in the State of Hawaii Third Circuit Court.

**Violation No. 5 - The Offender Failed to Notify the Probation Officer Within 72 Hours of Being Arrested or Questioned by a Law Enforcement Officer:**
According to investigative reports, the offender was arrested and questioned by HCPD on or about 7/18/2007. According to the State of Hawaii Third Circuit Court reports, the offender bailed out of custody on 7/20/2007. As of 7/23/2007, and continuing to the date of this writing, the offender has not notified the U.S. Probation Office and his Probation Officer of being arrested and questioned by law enforcement (**Violation No. 5**).

Based on the offender's violations, it is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

                                    Respectfully submitted by,

                                    [signature]

                                    KEVIN S. TERUYA
                                    U.S. Probation Officer

Approved by:

[signature]

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

KST/pts

Re:   **VENTURA, Leo C.**
      **Criminal No. CR 02-0239DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: Leo C. Ventura
Address: 96-1160 Kamani
Pahala, Hawaii 96777

Docket No. CR 02-00239DAE-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement (9/25/05).

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[✓] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1) That the defendant is prohibited from possessing any illegal or dangerous weapons.

(2) That the defendant provide the Probation Office access to any requested financial information.

*(special conditions continued on next page)*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Leo C. Ventura_     8-15-05
LEO C. VENTURA                Date
Defendant

_[signature]_               8/15/05
LISA K.T. JICHA              Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   VENTURA, Leo C.
      Docket No. CR 02-00239DAE-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)   *That the defendant must participate in a mental health program which may include anger management counseling at the discretion and direction of the Probation Office.*

(4)   *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Leo C. Ventura_          8-15-05
         LEO C. VENTURA            Date
         Defendant

         _Lisa K.T. Jicha_         8/15/05
         LISA K.T. JICHA           Date
         U.S. Probation Officer